UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSMO FRASER, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BRIGHTSTAR FRANCHISING LLC, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01966-JSC<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS AND TO TRANSFER VENUE**<br><br>Re: Dkt. Nos. 15, 16, 17 |

Plaintiffs-franchisees Cosmo Fraser and Adam Fraser ("Plaintiffs") filed suit against Defendant-franchisor BrightStar Franchising, LLC ("BrightStar") and its individual employees Defendants Shelly Sun ("Sun"), Scott Oaks ("Oaks"), Sean Fitzgerald ("Fitzgerald"), and Thomas Gilday ("Gilday," and collectively, "Individual Defendants"), alleging violation of the California Franchise Investment Law, fraudulent inducement, conspiracy to commit fraud, unfair business practices, and negligent misrepresentation. Plaintiffs' claims arise out of the negotiations and execution of a Franchise Agreement between Plaintiffs and BrightStar. Now pending before the Court are (1) Individual Defendants' motion to dismiss Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; (2) BrightStar and Individual Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, to transfer the case under 28 U.S.C. § 1404(a); and (3) Individual Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Dkt. Nos. 15-17.[1])

After carefully considering the arguments and briefing submitted, and having had the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

benefit of oral argument on August 4, 2016, the Court GRANTS Defendants' motion to transfer venue and TRANSFERS this case to the Northern District of Illinois. Further, the Court DENIES Defendants' Rule 12(b)(3) motion to dismiss and, in light of the transfer, DENIES WITHOUT PREJUDICE Individual Defendants' motions to dismiss for lack of personal jurisdiction and for insufficient service of process.[2]

**BACKGROUND**

**I.      Factual Background**

Plaintiffs are joint owners of a BrightStar franchise operating in Buckhead, Georgia; Adam Fraser is a resident of Georgia, and Cosmo Fraser is a resident of California. (FAC ¶¶ 3-4, 10 (Dkt. No. 14).) BrightStar, an Illinois limited liability company, is a franchisor of home healthcare services throughout the United States. (*Id.* ¶¶ 5, 10.) Individual Defendants are current and former officers and directors of BrightStar who negotiated with Plaintiffs to enter into a Franchise Agreement to operate the Buckhead franchise. (*Id.* ¶¶ 6-9, 23.) Defendants' negotiations with Plaintiffs, primarily Cosmo Fraser, occurred via email, telephone, and video conference. (*Id.* ¶ 23; Dkt. No. 20-1 ¶ 4; Dkt. No. 15-1 ¶¶ 4-5; Dkt. No. 15-2 ¶¶ 4-5; Dkt. No. 15-4 ¶¶ 4-5; Dkt. No. 15-5 ¶¶ 4-5.)

Plaintiffs initially wanted to purchase a BrightStar franchise in the "Morrison territory" in Northeast Atlanta, Georgia, but BrightStar refused to sell that territory. (*Id.* ¶ 24.) Instead, BrightStar and Individual Defendants made a series of material misrepresentations and omissions in an effort to induce Plaintiffs to purchase a BrightStar franchise in the Buckhead territory, including that Buckhead was a "great opportunity to open a new territory" in a "profitable location," and Plaintiffs "were getting a 'new' market." (*Id.* ¶¶ 24, 37, 47.) Additionally, following a trip by Plaintiffs to Illinois, Oaks provided Plaintiffs a copy of BrightStar's Financial Disclosure Document that included misleading financial projections and omitted material facts regarding the Buckhead territory. (*Id.* ¶ 45.) Based on these and other misrepresentations, Plaintiffs entered into the Franchise Agreement with BrightStar on or around February 19, 2013.

---

[2] All parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 9.)

2

(*Id.* ¶¶ 29, 39, 47; Dkt. No. 20-1 at 12.) The executed Franchise Agreement included an Illinois choice-of-law provision, as well as a venue provision stating that "[t]he parties expressly agree to the jurisdiction and venue of any court of general jurisdiction in [Illinois]" and "Franchisee [i.e., Plaintiffs,] acknowledges that this Agreement has been entered into in the State of Illinois" and "Franchisee hereby irrevocably consents to the personal jurisdiction of the state and federal courts of [Illinois]." (Dkt. No. 20-1 at 62-63.)

In September 2015, Plaintiffs learned that BrightStar's Franchise Disclosure Document did not disclose that two BrightStar franchises had previously operated and failed in the Buckhead territory. (*Id.* ¶¶ 26-27, 36, 48.) Plaintiffs were informed of this information by the prior Buckhead franchisee, who "turned back the franchise" to Brighstar because of Buckhead's "poor demographics" and lack of profitability. (*Id.*) Plaintiffs also discovered that BrightStar and Individual Defendants misrepresented the geographic area and potential client population of the Buckhead territory and provided misleading financial information in the Franchise Disclosure Document. (*Id.* ¶¶ 26-27, 36.)

## II. Procedural History

Plaintiffs initiated this action on March 11, 2016, in Marin County Superior Court, and BrightStar and Individual Defendants removed the case to federal court based on diversity of citizenship pursuant to 28 U.S.C. § 1441(b). (Dkt. No. 1 at 3.) Plaintiffs subsequently filed their FAC on May 13, 2016, alleging the same five causes of action against BrightStar and Individual Defendants: (1) unlawful offer and sale of franchises by means of untrue statements or omissions of material fact (Cal. Corp. Code §§ 31201, 31301, 31302); (2) fraudulent inducement; (3) conspiracy to commit fraud; (4) unfair and unlawful business practices; and (5) negligent misrepresentation. (*See* FAC.) Plaintiffs seek rescission of the Franchise Agreement, declaratory relief, damages and costs. To date, Plaintiffs have served BrightStar, Sun, and Gilday, but not Oaks and Fitzgerald. (Dkt. Nos. 1-2, 29, 30.) Now before the Court are a motion by all Defendants to dismiss pursuant to Rule 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 16) and Individual Defendants' motions to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and 12(b)(5) (Dkt. Nos. 15, 17).

3

**DISCUSSION**

I.  **Diversity Jurisdiction**

"In this circuit a court must determine whether or not it has subject-matter jurisdiction before considering whether the venue is proper." *Parke v. Cardsystems Sols., Inc.*, No. C 06-04857 WHA, 2006 WL 2917604, at *2 (N.D. Cal. Oct. 11, 2006) (citations omitted); *see also Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965). The federal diversity jurisdiction statute provides that the "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where all parties to the action are "citizens of different states." 28 U.S.C. § 1332(a). For purposes of diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In removal actions, as here, courts are to "[s]trictly construe the removal statute against removal jurisdiction" such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Both requirements of diversity jurisdiction are met here. First, Plaintiffs are seeking monetary damages and restitution in excess of $75,000 (FAC ¶ 1); the amount-in-controversy requirement is therefore satisfied. Second, Plaintiffs are residents of California and Georgia (*id.* ¶¶ 3-4), while BrightStar is an Illinois limited liability company whose sole member is Brightstar Group Holdings, Inc., a Delaware corporation with its principal place of business in Illinois (Dkt. No. 1 ¶ 22; Dkt. No. 16-4 ¶ 5), Sun is a resident and citizen of Illinois (Dkt. No. 16-2 ¶ 4), Fitzgerald is a resident and citizen of Ohio (Dkt. No. 16-3 ¶ 4), Gilday is a resident of Illinois and a citizen of Connecticut (Dkt. No. 16-4 ¶ 17), and Oaks is a resident and citizen of Ohio (Dkt. No. 16-5 ¶ 4). There is thus complete diversity of citizenship between the parties. Accordingly, because diversity jurisdiction exists, the Court can properly consider Defendants' venue challenge.

II. **Venue**

    A. **Motion to Dismiss Pursuant to Rule 12(b)(3) for Improper Venue**

Rule 12(b)(3) allows for dismissal "only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.

Ct. 568, 577 (2013). The question of "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws" and "is generally governed by 28 U.S.C. § 1391." *Id.* at 573. Under Section 1391(b), venue is proper in a judicial district: (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "in which any defendant is subject to the court's personal jurisdiction with respect to such action," if no district otherwise exists in which the action can be brought. 28 U.S.C. § 1391(b). Notably, "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)"; if the case at issue falls within one of Section 1391(b)'s three categories, then venue is proper. *Atl. Marine*, 134 S. Ct. at 577, 583. If it does not, "venue is improper, and the case must be dismissed or transferred." *Id.* As a result, a case filed in a district that falls within one of the categories of Section 1391(b) may not be dismissed under Rule 12(b)(3). *Id.*

Defendants do not contend that venue is improper in this District for failure to satisfy one of the three categories enumerated in Section 1391(b). Rather, Defendants move to dismiss for improper venue only on the grounds that the Franchise Agreement contains a venue provision providing that "[t]he parties expressly agree to . . . the jurisdiction and venue of the United States District Court presiding over [BrightStar's] Home State [of Illinois]." (Dkt. No. 16 at 14.) Consequently, under the Supreme Court's decision in *Atlantic Marine*, the Court must deny Defendants' motion to dismiss pursuant to Rule 12(b)(3). *See Atl. Marine*, 134 S. Ct. at 577 (stating that "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause" and that "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of . . . Rule 12(b)(3)").

**B.     Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**

Defendants move in the alternative to have this case transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) on the grounds that the Franchise Agreement's venue

5

provision mandates that all litigation between Plaintiffs and BrightStar occur in Illinois. (Dkt. No. 16 at 13-14.) However, the venue provision does not apply to Individual Defendants because they are not parties to the Franchise Agreement.[3] The Court therefore engages in two separate transfer analyses for BrightStar and Individual Defendants.

### 1. Transfer of BrightStar

#### a. Enforceability of the Venue Provision

Plaintiffs first challenge the enforceability of the Franchise Agreement's venue provision. (Dkt. No. 21 at 14-17.) Federal courts apply federal law to determine the enforceability of a forum-selection clause. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). Forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). This exception is construed narrowly. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). "A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Id.* (internal citations omitted). "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1*, 552 F.3d at 1083 (citation omitted).

Relying on the factors identified in *Argueta*, Plaintiffs argue that the venue provision is unenforceable because: (1) "there is a gross disparity in bargaining power" between Plaintiffs and BrightStar; (2) litigating this action in the Northern District of Illinois would be "unduly burdensome" for Plaintiffs; and (3) enforcement would violate California's "strong public policy" against out-of-state forum-selection clauses in franchise agreements, as purportedly set forth in California Business & Professions Code § 20040.5. (Dkt. No. 21 at 15-17.)

---

[3] At the August 4, 2016 hearing, Defendants' counsel agreed that the Franchise Agreement, and thus its venue provision, applies only to BrightStar, and not to Individual Defendants.

6

### i. Fraud, Undue Influence, Overweening Bargaining Power

Under the first *Argueta* factor, courts may find a forum-selection clause unenforceable if its inclusion in a contract "was the result of fraud, undue influence, or overweening bargaining power." *Argueta*, 87 F.3d at 325. Plaintiffs make only a "gross disparity in bargaining power" argument on the grounds that Brightstar and its agents are "highly familiar with providing Franchise Agreements and the legal effect that each clause might have on their legal rights," while Plaintiffs on the other hand had never operated a franchise in the past or signed a franchise agreement before. (Dkt. No. 21 at 16.) Even accepting these assertions as true, Plaintiffs have not argued or otherwise shown that the venue provision itself was incorporated into the Franchise Agreement as a result of that uneven bargaining power. *See Argueta*, 87 F.3d at 325 (forum-selection clause is unreasonable if "*its incorporation into the contract* was the result of fraud, undue influence, or overweening bargaining power") (emphasis added). Accordingly, Plaintiffs have failed to demonstrate that the first *Argueta* factor applies here.[4]

### ii. Deprivation of Day in Court in Transferee Forum

Plaintiffs turn next to the second *Argueta* factor and argue that "[t]he venue selection provision of the Franchise Agreement exposes Plaintiffs to burdensome expenses in forcing them to litigate in an outside forum [i.e. Illinois]" and that litigating in Illinois would be "highly difficult" and "unduly burdensome" for them because "of the expenses associated with travel and time away from [their] employment and family." (Dkt. No. 21 at 15-17; Dkt. No. 21-1 at 2.) However, Plaintiffs do not argue or provide any evidence demonstrating that litigating in the parties' bargained-for venue—the Northern District of Illinois—would be "so gravely difficult and inconvenient" that they will essentially be "deprived of [their] day in court." *Argueta*, 87 F.3d at 325. Plaintiffs' argument fails for this reason alone. Moreover, Plaintiffs' arguments regarding

---

[4] The FAC likewise fails to allege facts demonstrating that the venue provision itself was the result of fraud. While Plaintiffs' allegations may establish fraud in the inducement of the entire Franchise Agreement, Plaintiffs do not allege that they were fraudulently induced into consenting specifically to the venue provision. (FAC ¶¶ 45-50); *see Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) ("For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the *inclusion of that clause in the contract* was the product of fraud or coercion.'") (citation omitted) (emphasis in original).

7

their purported burden are private-interest concerns that, under the Supreme Court's decision in *Atlantic Marine*, "may not be considered in analyzing whether a forum selection clause is reasonable." *Cream v. N. Leasing Sys., Inc.*, No. 15-CV-01208-MEJ, 2015 WL 4606463, at *7 (N.D. Cal. July 31, 2015) (collecting cases). Further, the argument is unpersuasive on its face given that Adam Fraser resides in Georgia; he does not explain why litigating in Illinois is so burdensome but California is not.

### iii. Contravention of Public Policy

Finally, the third *Argueta* factor provides that a forum-selection clause is unreasonable if "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta*, 87 F.3d at 325. "[A]bsent a total foreclosure of remedy in the transferee forum, courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy specifically related to venue." *Rowen v. Soundview Commc'ns, Inc.*, No. 14-CV-05530-WHO, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015) (citations omitted); *see, e.g.*, *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497-98 (9th Cir. 2000) (finding a forum-selection clause invalid because California law specifically provided that California franchisees operating a franchise in California were entitled to a California venue for franchise agreement suits); *Hegwer v. Am. Hearing & Assocs.*, No. C 11-04942 SBA, 2012 WL 629145, at *3 (N.D. Cal. Feb. 27, 2012) (finding forum-selection clause valid where plaintiff's unconscionability arguments were directed to other unrelated provisions).

Plaintiffs argue that enforcement of the venue provision would violate "a strong California public policy" because, according to Plaintiffs, California Business & Professions Code § 20040.5 prohibits out-of-state forum-selection provisions in franchise agreements. (Dkt. No. 21 at 17.) Section 20040.5, however, is inapplicable; the section provides that "[a] provision in a franchise agreement restricting venue to a forum outside [California] is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business *operating within [California]*." Cal. Bus. & Prof. Code § 20040.5 (emphasis added). The franchise at issue here does not operate anywhere in California but rather operates exclusively within the Buckhead territory in Georgia. (FAC ¶¶ 22-25.) Plaintiffs have not identified any other applicable

8

California public policy supposedly contravened by the venue provision. Thus, no California public policy is violated by enforcing the venue provision.

### b. Application of Venue Provision

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine*, 134 S. Ct. at 581. The appropriate method for enforcing a valid forum-selection clause is through a motion to transfer under Section 1404(a). *Id.* at 579. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The "proper application of § 1404(a) requires that a [valid] forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 134 S. Ct. at 579, 581. In other words, "the interest of justice" is best served by giving effect to the parties' bargain. *Id.* at 581. Thus, the party challenging the clause bears the burden of establishing exceptional circumstances unrelated to the convenience of the parties that make transfer unwarranted. *Id.*; *see also Rowen*, 2015 WL 899294, at *3; *Bayol v. Zipcar, Inc.*, No. 14-cv-02483-THE, 2014 WL 4793935, at *1 (N.D. Cal. Sept. 25, 2014).

A forum-selection clause alters the Section 1404 analysis in three ways: "[f]irst, the plaintiff's choice of forum merits no weight," *Atl. Marine,* 134 S. Ct. at 581; second, the court should not consider arguments about the parties' private interests, *id.* at 582; and "[t]hird, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations," *id.* The underlying rationale for this analysis is that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 583.

Because Plaintiffs have not carried their heavy burden of establishing exceptional circumstances to warrant disregarding the parties' choice of forum, the Court gives "controlling weight" to that provision, *id.* at 581, and finds that Plaintiffs' claims against BrightStar should be

9

1 transferred to the Northern District of Illinois.

## 2. Transfer of Individual Defendants

Because the venue provision applies only to BrightStar, the Court applies a traditional Section 1404(a) transfer analysis as to Individual Defendants. Section 1404(a) gives courts discretion to transfer any civil action to another federal district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) requires that (1) the action "could have been brought" in the transferee district, and (2) the interest of justice and the convenience of parties and witnesses weigh in favor of transfer. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). As to the first requirement, Defendants note—and Plaintiffs do not dispute—that this action could have been brought in the Northern District of Illinois based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* Dkt. No. 16 at 15.) The Court agrees. Accordingly, the decision to transfer Plaintiffs' claims against Individual Defendants turns on Section 1404(a)'s second requirement.

### a. The Interest of Justice

The Supreme Court has long recognized that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). For this reason, when deciding whether to transfer a case under Section 1404(a), "[t]he interest of justice alone can be decisive even if witness and party convenience weigh against transfer." *Wood v. Best Buy Co.*, No. 11-1877 SC, 2011 WL 3740812, at *1 (N.D. Cal. Aug. 25, 2011); *see Elecs. for Imaging, Inc. v. Tesseron, Ltd.*, No. C 07-05534 CRB, 2008 WL 276567, at *3 (N.D. Cal. Jan. 29, 2008) (transferring action based on interest of justice and noting that "[c]onsideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result").

Here, Plaintiffs' claims against Individual Defendants are identical to their claims against BrightStar, which as discussed above, the Court is transferring to the Northern District of Illinois. Declining to also transfer Plaintiffs' claims against Individual Defendants to that forum would

contravene the purpose of Section 1404(a) "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Thus, it is in the interest of justice for Plaintiffs' claims against all parties to be heard by the same court, and transfer will save judicial economy and prevent the expense and inefficiency associated with duplicative litigation. *See Zurich Ins. Co. v. Celotex Corp.*, No. 88 C 5863, 1988 WL 107392, at *4 (N.D. Ill. Oct. 11, 1988) ("[I]t has long been recognized that the avoidance of duplicative litigation is one of the paramount interests of justice.").

### b. Convenience of the Parties and Witnesses

While the interest of preserving judicial economy alone warrants transfer here, the balance of Section 1404(a)'s convenience and fairness factors also strongly favor transfer. To determine convenience and fairness, this District commonly articulates the following relevant factors: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. *Martin v. Global Tel\*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015); *see also Jones*, 211 F.3d at 498-99. "Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Commodity*, 611 F.2d at 279. Further, "[t]his list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin*, 2015 WL 2124379, at *2; s*ee Atl. Marine*, 134 S. Ct. at 581 n.6 (noting that additional factors include "all other practical problems that make trial of a case easy, expeditious and inexpensive"). Individual Defendants, as the moving parties, bear the burden of showing transfer is appropriate. *Atl. Marine*, 134 S. Ct. at 581.

Under the first factor, a plaintiff's choice of forum is generally entitled to deference, but the weight of this consideration "is substantially reduced where the plaintiff's venue choice is not its residence." *Fabus Corp. v. Asiana Express Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001). Although Cosmo Fraser is a California resident, Adam Fraser is a

11

resident of Georgia. Thus, Plaintiffs' choice of forum only weighs slightly against transfer.

The second and third factors weigh heavily in favor of transfer. Under these factors, the Court considers the relative convenience of each forum and finds transfer favorable when the transferee court will increase the parties' overall convenience. *See Arete Power, Inc. v. Beacon Power Corp.*, No. C 07-5167 WDB, 2008 WL 508477, at *6 (N.D. Cal. Feb. 22, 2008) ("The law requires us to examine the convenience of all the parties, not just the plaintiff—and to try to identify the forum where the net inconvenience (to all parties) would be least."); *see also Cung Le v. Zuffa, LLC*, 5:14-cv-05484-EJD, 2015 WL 3488769, at *6 (N.D. Cal. June 2, 2015) (finding convenience factors "weigh[] strongly in favor of the transfer [where] this district is not particularly convenient for a majority of those involved"). The *only* party not inconvenienced by Plaintiffs' forum choice is Cosmo Fraser.[5] Adam Fraser's home in Georgia is approximately 2,500 miles from this District, as opposed to approximately 800 miles from the Northern District of Illinois. And Individual Defendants lack any physical presence in California—they live in Illinois and Ohio and conduct a substantial amount of their work near BrightStar's headquarters in Gurnee, Illinois. (Dkt. No. 16-2 ¶¶ 4, 6; Dkt. No. 16-3 ¶¶ 4, 6; Dkt. No. 16-4 ¶ 17; Dkt. No. 16-5 ¶¶ 4-6.) Further, the vast majority of other witnesses identified in Plaintiffs' FAC reside in or near Illinois (*see* FAC ¶ 45(a); Dkt. No. 16-4 ¶ 14); transfer thus benefits these witnesses because they will avoid the unnecessary inconvenience and expense of traveling to testify in California.

None of the remaining factors—ease of access to evidence, each forum's familiarity with the applicable law, local interest in the controversy, and the relative court congestion and time to trial—militate against transfer. First, all of the documentary evidence relating to Plaintiffs' business communications with Individual Defendants and BrightStar is stored at BrightStar's headquarters in the Northern District of Illinois (Dkt. No. 16-4 ¶¶ 19-20), and "[c]osts of litigation can [ ] be substantially lessened if the venue is in the district in which most of the documentary evidence is stored." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013). Second, even if California law applies to Plaintiffs' claims upon transfer, "there is nothing

---

[5] In his July 1, 2016 declaration, Cosmo Fraser stated that he no longer lives in this District, and now lives in Placer County (which is in the Eastern District of California). (Dkt. No. 21-1 ¶ 2.)

12

to indicate that the [Northern District of Illinois] cannot adequately apply California law," and thus this factor is neutral.[6] *Moretti v. Hertz Corp.*, No. C 13-02972 JSW, 2014 WL 1410432, at *6 (N.D. Cal. Apr. 11, 2014). Third, the feasibility of consolidation strongly favors transfer, as Plaintiffs' claims against Individual Defendants are identical to, and were brought together with, their claims against BrightStar, which will be transferred to Illinois. Fourth, the local interest factor is neutral, as both California and Illinois have an interest in resolving the disputes of its residents. Finally, the parties did not provide any evidence as to relative congestion or time to trial in each forum, so this factor is neutral.

In sum, taking all of the relevant factors into consideration, the Court concludes that Individual Defendants have shown that transfer to the Northern District of Illinois is warranted. Transferring the entire action will efficiently utilize judicial resources and promote consistency.

### III. Personal Jurisdiction over Individual Defendants

Because this action is being transferred, the Court denies without prejudice Individual Defendants' motions to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for insufficient service of process pursuant to Rule 12(b)(5).

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss pursuant to Rule 12(b)(3) is DENIED, and Defendants' motion in the alternative to transfer venue pursuant to Section 1404(a) is GRANTED. Accordingly, this action is TRANSFERRED to the United States District Court for the Northern District of Illinois. Further, the Court DENIES WITHOUT PREJUDICE Individual Defendants' motions to dismiss pursuant to Rules 12(b)(2) and 12(b)(5).

**IT IS SO ORDERED.**

Dated: August 15, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[6] In light of the Illinois choice-of-law provision as to BrightStar, it is unclear that California law will even apply to Plaintiffs' claims against Individual Defendants.

13