IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COSMO FRASER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 16 C 8179 |
| | ) | |
| BRIGHTSTAR FRANCHISING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss and motion in the alternative to compel arbitration. For the reasons stated below, the motion to compel arbitration is granted and the motion to dismiss is denied.

# BACKGROUND

Defendant Brightstar Franchising LLC (Brightstar) is allegedly a franchisor in the home healthcare industry and offers for sale franchises that provide home healthcare services. On January 17, 2013, Plaintiffs allegedly entered into a franchise agreement (Franchise Agreement) with Brightstar. Plaintiffs contend that prior to signing the Franchise Agreement, Defendants indicated a desire for Plaintiffs to open a franchise in a new area. Defendants allegedly failed to disclose certain

1

information concerning that new area. Plaintiffs brought the instant action in Illinois state court and included in their complaint claims alleging the unlawful offer and sale of franchises in violation of California state law (Count I), fraud in the inducement claims (Count II), conspiracy to commit fraud claims (Count III), unfair and unlawful business practices claims (Count IV), and negligent misrepresentation claims (Count V). Defendants removed the instant action to federal court and now move to dismiss the instant action and move in the alternative to compel arbitration.

**LEGAL STANDARD**

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, provides "that a written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *French v. Wachovia Bank*, 574 F.3d 830, 834 (7th Cir. 2009)(internal quotations omitted)(quoting *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 556 (7th Cir. 2003) and 9 U.S.C. § 2). A court "will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008)(internal quotations omitted)(quoting *United Steelworkers of America v. Warrior & Gulf*, 363 U.S. 574, 582-83 (1960)). When an arbitration agreement contains a broad arbitration provision, "there is a

presumption in favor of arbitrability," and "[a]ny ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *Id.* (internal quotations omitted)(quoting *AT& T Techs., Inc. v. Communc'ns Workers of America*, 475 U.S. 643, 650 (1986) and *Volt Info. Sci., Inc. v. Board of Trs. of Leland Stanford, Jr. Univ.*, 489 U.S. 468, 475-76 (1989)); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(stating that the Court should "[b]ear[] in mind the Supreme Court's instruction that 'any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration'")(quoting in part *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1985)).

## DISCUSSION

Defendants contend that Plaintiffs agreed to the mediation and arbitration of claims relating to the Franchise Agreement. Defendants contend, and Plaintiffs do not dispute, that the Franchise Agreement provides the following: "All claims or disputes between Franchisee and Franchisor or their respective affiliates arising under, out of, in connection with or in relation to this Agreement, the parties' relationship, Franchisee's Agency or any of the parties' respective rights and obligations arising out of this Agreement, must be submitted first to mediation prior to a hearing in binding arbitration." (Mediation Provision). (Mot. 3). The parties further agree that the Franchise Agreement further provides that "[i]f not resolved by mediation," the dispute "must be submitted to binding arbitration. . . ." (Arbitration Provision). (Mot. 3); (Resp. 4). Plaintiffs argue that the Franchise Agreement

3

includes as an exception to the Arbitration Provision "any action for . . . equitable relief. . . ." (Resp. 6). Plaintiffs contend that since they are seeking a recision of the Franchise Agreement the equitable relief exception is applicable. Plaintiffs further indicate that, if the court were to find that the claims in this case fall within the Arbitration Provision, the court should compel arbitration rather than dismiss the instant action.

Plaintiffs allege in the complaint that they entered the Franchise Agreement. (Compl. Par. 21). Plaintiffs further allege that the misconduct on the part of Defendants related to the parties' rights and obligations under the Franchise Agreement. (Compl. Par. 19-29). Plaintiffs seek to challenge the validity of the entire Franchise Agreement and seek a rescission. Such an action would fall within the broad scope of the Mediation Provision and Arbitration Provision. Nothing in the Franchise Agreement would prevent the arbitrator from considering the validity of the Franchise Agreement. The equitable relief referenced in the Franchise Agreement that ultimately may need to be obtained from a court would be the type of injunctive relief that would be sought in enforcement proceedings after the mediation/arbitration procedure has been followed. It is clear from the terms of the Franchise Agreement that claims relating to the Franchise Agreement such as those presented in this case fall within the Mediation Provision and Arbitration Provision and not within the equitable relief exception. The parties clearly envisioned that such disputes would first be presented before a mediator and then an arbitrator. *See Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998)(stating that "once it is clear the

parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration"); *see also Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012)(stating that "because arbitration is a matter of contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit'")(quoting *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002)). Therefore, Defendants' motion to compel arbitration is granted. Defendants' motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to compel arbitration is granted and motion to dismiss is denied. The instant action is dismissed with leave to reinstate within one year if the parties believe that the instant action should proceed further after the arbitration is concluded.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 1, 2016